```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

JAMES CLIFFORD MARSHALL,

    Plaintiff,

v.                               Case No. 8:17-cv-873-T-33TBM

LARGO MEDICIAL CENTER, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court sua sponte. For the reasons below, this action is remanded.

**Discussion**

On March 3, 2017, Plaintiff James Clifford Marshall filed a complaint against Defendant Largo Medical Center, Inc. in state court for "Fraudulent and Sham Peer Review" and defamation. (Doc. # 2). Largo Medical removed the action to this Court on April 12, 2017, and premised removal on 28 U.S.C. § 1442(a)(1) and <u>Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing</u>, 545 U.S. 308 (2005). (Doc. # 1).

Because this Court is a court of limited jurisdiction, <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1260-61 (11th Cir. 2000), it is under a continual obligation to ensure

jurisdiction exists, Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). Section 1442 reads, in part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). When the removing defendant is not a federal officer, it must satisfy a three-pronged test in order to remove under § 1442. The defendant "must show [(1)] that it is a person within the meaning of the statute who acted under a federal officer"; (2) "that it performed the actions for which it is being sued under color of federal office," i.e., that there is "'a causal connection between what the officer has done under asserted official authority and the action against him'"; and (3) that it has "raise[d] a colorable federal defense." Caver v. Cent. Ala. Elec. Coop., 845 F.3d 1135, 1142 (11th Cir. 2017). "[T]he removal statute's

'basic' purpose is to protect the Federal Government from . . . interference with its 'operations' . . . ." Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 150 (2007).

Largo Medical asserts it was acting under the direction of the Secretary of the Department of Health and Human Services because it reported information required to be reported by federal regulation. (Doc. # 1 at 3-6). As the Supreme Court noted, however:

> a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.

Watson, 551 U.S. at 153. Although Largo Medical must supply certain information to the Department of Health and Human Services via the National Practitioner Data Bank, 45 C.F.R. § 60.2, the furnishing of such information is merely compliance with federal regulations. Largo Medical is not, for example, serving in a capacity similar to that of the National Practitioner Data Bank, which is the entity that collects and discloses the relevant information, 45 C.F.R. § 60.1, and thereby aids the Department of Health and Human

Services fulfill its duty under the Health Care Quality Improvement Act. 42 U.S.C. 11101, et seq.

Furthermore, Largo Medical's assertion that removal is proper under Grable also fails to convince the Court. In Grable, the Internal Revenue Service seized real property owned by Grable & Sons Metal Products, Inc. 545 U.S. at 310. The IRS provided notice of the seizure as required under 26 U.S.C. § 6335 via certified mail. Id. Thereafter, the IRS sold the property to Darue Engineering & Manufacturing. Id. Five years later, Grable sought to quiet title in the property by filing suit against Darue in state court, arguing that Darue's title was invalid because the IRS had not provided service in the exact manner required by § 6335. Id. at 311. Darue removed the action to federal court on the basis of federal-question jurisdiction. Id.

Grable moved to remand, but the district court denied the motion. Id. After judgment was entered in favor of Darue, Grable appealed to the Sixth Circuit Court of Appeals, which affirmed the district court. Id. Grable then sought review in the Supreme Court, which, like the Sixth Circuit, held federal-question jurisdiction existed. Id. at 311-12. The Supreme Court held as much because the meaning of § 6335 was

central to Grable's claim and the meaning of § 6335 was in dispute. Id. at 314-315.

In contrast, the Complaint in this action challenges the peer reviews conducted by Largo Medical on the basis that they were "kangaroo courts" designed to "destroy the reputation and career of [Marshall], and had nothing to do with the quality of care he rendered to patients at LMC." (Doc. # 2 at ¶¶ 21-22). Largo Medical's alleged machinations were supposedly motived "solely and exclusively . . . upon economic considerations." (Id. at ¶ 23). The Complaint also alleges the statements made by Largo Medical in its report to the National Practitioner Data Bank constituted defamation. (Id. at ¶¶ 26-32). Conspicuously missing from the Complaint is any challenge to the constitutionality of the National Practitioner Data Bank or the meaning of any federal statute or regulation.

Instead, the only federal question apparent from the record is a possible defense under the Health Care Quality Improvement Act and its implementing regulations. 42 U.S.C. § 11111; 45 C.F.R. § 60.22. Although this colorable federal defense satisfies Caver's third prong, it does not affect the analysis in this case for two reasons. First, as discussed above, Largo Medical failed to show it was a person who acted

under a federal officer. Second, generally "[i]n determining whether federal jurisdiction exits, [a court] appl[ies] the well-pleaded complaint rule, which requires that [it] look to the face of the complaint rather than to defenses . . . ." Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1178 (11th Cir. 2006) (citation omitted). Thus, the possible federal defense does not in-and-of-itself support removal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This action is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, for lack of subject-matter jurisdiction.

(2) Once remand is effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE